BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ACCELLION, INC. DATA BREACH LITIGATION | MDL No. 3002 |

PLAINTIFF VALERIE WHITTAKER'S RESPONSE IN
OPPOSITION TO PLAINTIFF GRACE BEYER'S MOTION FOR
TRANSFER AND CENTRALIZATION PURSUANT TO 28 U.S.C. §1407

Plaintiff Valerie Whittaker opposes the Motion of Plaintiff-Movant Grace Beyer ("Movant") for an Order transferring 14 cases and any tag-alongs to the Northern District of California for coordinated or consolidated pre-trial proceedings. Given the limited number of cases and district courts involved, Movant has not met her burden to show that centralization under 28 U.S.C. §1407 is necessary or appropriate. As it stands, every action naming Accellion, Inc. ("Accellion") as a defendant is already pending in the Northern District of California, and each associated case outside of the Northern District of California names Accellion's customers as the sole defendant. Thus, the classes of cases pending outside of the Northern District of California do not overlap, nor do the claims or discovery that will be needed to establish such claims. In these circumstances, a centralization order from the Panel is not necessary, and the courts and parties involved are capable of utilizing other alternatives to achieve either transfer or coordination of discovery to obtain any potential efficiencies.

## BACKGROUND

The Motion identifies only 14 involved actions pending in three district courts.[1] Five of the listed actions – and all of the cases pending outside the Northern District of California – do not name Accellion as a defendant.[2] Those five actions solely name either The Kroger Company or Flagstar Bank, FSB ("Flagstar Bank") as defendant. Each of the remaining nine actions listed in the Motion are already pending in the Northern District of California, and all nine are already in front of Judge Edward J. Davila.[3] Since the filing of the Motion, five additional related actions have been identified by various parties, but it remains the case that only the same three district courts are implicated, and no actions pending outside the Northern District of California name Accellion as a defendant.[4] Instead, all of the cases pending in the Eastern District of Michigan name Flagstar Bank as the sole defendant, and all of the cases pending in the Southern District of Ohio name The Kroger Company as the sole defendant.

## ARGUMENT

### I. Movant Has Not Met Her Burden to Show that Transfer Is Necessary or Appropriate.

Every action against Accellion itself is already pending in the Northern District of California, and there are not otherwise many associated actions or different district courts involved. "Where only a minimal number of actions are involved, the proponent of centralization bears a

---

[1] *See* Motion at 1-2 (ECF No. 1); *see also* Schedule of Actions (ECF No. 1-2).
[2] *Jones v. The Kroger Company*, No. 1:21-cv-00146-TSB (S.D. Ohio*)*; *Govaert v. The Kroger Company*, No. 1:21-cv-00174-TSB (S.D. Ohio); *Doty v. The Kroger Company*, No. 1:21-cv-00198-DRC (S.D. Ohio); *Angus v. Flagstar Bank, FSB*, No. 2:21-cv-10657-AJT-DRG (E.D. Mich.); *Garcia v. Flagstar Bank, FSB*, No. 2:21-cv-10671-DPH-APP (E.D. Mich.).
[3] By Order dated April 21, 2021, the Court reassigned *Beyer v. Flagstar Bancorp, Inc.*, No. 21-cv-02239 to Judge Davila. *Brown v. Accellion, Inc.*, No. 5:21-cv-01155 (ECF No. 43) (N.D. Cal. April 21, 2021).
[4] *See* ECF Nos. 9, 17 and 22.

2

heavier burden to demonstrate that centralization is appropriate." *In re Kmart Corp. Customer Data Sec. Breach Litig.*, 109 F. Supp. 3d 1368 (J.P.M.L. 2015). Here, the majority of associated cases are already pending in the Movant's preferred transferee court, no cases outside of that court name Accellion as a defendant, and the other two implicated courts are only presiding over cases against a sole, unrelated defendant.

Movant also fails to recognize that each of the actions filed against a defendant other than Accellion are on behalf of separate putative classes, will require separate discovery into whether that particular defendant was negligent in using Accellion's services, notwithstanding any common facts related to the data breach disclosed by Accellion in late 2020. Further, to the extent those cases outside of the Northern District of California may share some common factual questions, those questions and the potential issues raised by parallel proceedings are not sufficiently ***complex*** to warrant a Section 1407 transfer. *See In re LVNV Funding, LLC, Time-Barred Proof of Claim Fair Debt Collection Practices Act (FDCPA) Litig.*, 96 F. Supp. 3d 1376, 1377 (J.P.M.L. 2015) ("These common questions, though, are not sufficiently complex or numerous to warrant the creation of an MDL."); *In re Nutek Baby Wipes Prod. Liab. Litig.*, 96 F. Supp. 3d 1373 (J.P.M.L. 2015) ("We are not convinced, though, that these common issues alone are sufficiently complex or numerous to warrant the creation of an MDL."); *In re Impulse Monitoring, Inc., Humana Intraoperative Monitoring Servs. Claims & Emp. Ret. Income Sec. Act (ERISA) Litig.*, 84 F. Supp. 3d 1376, 1377 (J.P.M.L. 2015) ("We are unconvinced, on the record before us, that the issues remaining in this litigation are sufficiently complex or numerous to warrant the creation of an MDL.").

Additionally, transfer by the JPML is made "upon its determination that transfers for such proceedings will be for the convenience of the parties and witnesses. . . ." 28 U.S.C. §1407(a).

Movant has not shown that transfer of the cases pending in the Southern District of Ohio and Eastern District of Michigan would convenience anyone. Although it is possible that parties in the cases pending in those two districts may seek third-party discovery from Accellion, the primary defendants in those cases are not headquartered in California, so many potential witnesses would in fact be inconvenienced by transfer. *See* Memorandum in Support of Motion at 6 (ECF No. 1-1) ("Mem.") (noting that The Kroger Company is headquartered in Ohio, and that Flagstar Bank is headquartered in Michigan). There would be little, if any, convenience or efficiency in bringing those parties to the Northern District of California. If the parties in those actions ultimately do seek discovery from Accellion, there are numerous ways that efficiencies in that process could be obtained without the need for transfer.

## II.    The Movant Has Not Shown that Transfer Under Section 1407 Is the Only Option

Movant has also not met her burden to show that other options, such as transfer under Section 1404, or voluntary coordination and cooperation, are not sufficient to achieve minimization of duplicative discovery or inconsistent pretrial rulings. Specifically, as the Panel has recognized, transfer pursuant to Section 1404 may not only be appropriate, but may be superior:

> Section 1404(a) transfer is for all purposes, including trial. For this reason, transfer under Section 1404(a)—where appropriate—can result in a more streamlined action, without the procedural necessity of remand to the transferor court that is required under Section 1407. This alone produces significant advantages. It allows for the possibility of consolidation of actions for trial, which potentially avoids the increased costs associated with multiple trials after the Panel remands actions to the various transferor courts once pretrial proceedings are concluded.

*In re Gerber Probiotic Prods. Mktg. & Sales Practices Litig.*, 899 F. Supp. 2d 1378, 1380 (J.P.M.L. 2012); *see also In re Colgate Optic White Toothpaste Mktg. & Sales Practices Litig.*, 232 F. Supp.

3d 1346, 1347 (J.P.M.L. 2016); *In re Capacitors Antitrust Litig.*, 223 F. Supp. 3d 1340 (J.P.M.L. 2016).

Therefore, since a Section 1407 transfer is not permanent and is limited only to pretrial proceedings,[5] Section 1404 is preferable. *Gerber*, 899 F. Supp. 2d at 1380. "[W]here a reasonable prospect exists that resolution of Section 1404 motions could eliminate the multidistrict character of a litigation, transfer under Section 1404 is preferable to centralization." *Id.* at 1380-81; *see also In re Air Crash Over the Hudson River Near New York, New York on August 8, 2009*, 716 F. Supp. 2d 1360, 1360 (J.P.M.L. 2010) ("While transfer under Section 1407 for pretrial purposes can streamline litigation, thereby benefitting the parties and the courts, transfer under Section 1404(a) for all purposes should be attempted, where appropriate.").

Movant stops short of demonstrating that transfer pursuant to Section 1404, or other forms of voluntary coordination – which remain under discussion by the parties involved – are no longer feasible, stating only that the plaintiffs' counsel in the actions in the Southern District of Ohio and Eastern District of Michigan "would follow up," but that there was "no consensus" regarding voluntary transfer as of the time of filing. Mem. at 4. That is not a sufficient showing. "[C]entralization under Section 1407 'should be the last solution that parties seek after considered review of all other options, such as informal coordination or transfer under Section 1404.'" *In re: Dollar Tree Stores, Inc., Fair Lab. Standards Act (FLSA) & Wage & Hour Litig.*, 829 F. Supp. 2d 1376, 1377 (J.P.M.L. 2011) (quoting *In re Best Buy Co., Inc., Cal. Song-Beverly Credit Card Act Litig.*, 2011 WL 3648515, at *2 (J.P.M.L. Aug. 16, 2011)); *see also In re Epipen (Epinephrine Injection, USP) Emp. Ret. Income Sec. Act (ERISA) Litig.*, 276 F. Supp. 3d 1384, 1385 (J.P.M.L.

---

[5]   Section 1407 "obligates the Panel to remand any pending case to its originating court when, at the latest, those pretrial proceedings end." *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 27 (1998).

2017) (holding that alternatives such as transfer, pursuant to 28 U.S.C. §1404(a) or informal coordination of discovery, were preferable to centralization).

### III. The Northern District of California Is an Appropriate Transferee Court, Should the Panel Order Transfer

Should the Panel find, however, that a transfer pursuant to Section 1407 is appropriate, Plaintiff Valerie Whittaker agrees with the Movant that the Northern District of California is the superior choice for transferee forum, and Judge Edward J. Davila is the ideal transferee judge, for the reasons stated in Movant's Memorandum.

### CONCLUSION

"The most pressing question . . . is whether centralization presents the most efficient means of advancing these actions towards resolution." *In re Hartford COVID-19 Bus. Interruption Prot. Ins. Litig.*, MDL No. 2963, Dkt. 248 at 2 (J.P.M.L. Oct. 2, 2020). The answer to that question here is no. Given the distinct nature of the cases that are pending outside of the Northern District of California, and that alternatives to centralization exist, transfer of those actions pending outside of the Northern District of California is simply unnecessary and unwarranted. Accordingly, the Panel should deny Movant's Motion.

Dated: April 22, 2021                                Respectfully submitted,

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

/s/ *Joseph P. Guglielmo*
Joseph P. Guglielmo
230 Park Avenue, 17th Floor
New York, NY 10169
Telephone: 212-223-6444
Facsimile:  212-223-6334
jguglielmo@scott-scott.com

*Attorney for Valerie Whittaker*